**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIMAS ALEXANDER FUENTES,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 15-73782<br><br>Agency No. A070-059-843<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2019
Pasadena, California

Before: THOMAS, Chief Judge[**], GILMAN,[***] and NGUYEN, Circuit Judges.

Dimas Alexander Fuentes ("Fuentes") petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his applications for special rule

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] Following oral argument, Chief Judge Sidney R. Thomas was drawn to
replace Judge Raymond Fisher on the panel.

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), as well as his applications under the Immigration and Nationality Act for cancellation of removal for non-permanent residents, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition. Because the parties are familiar with the history of this case, we need not recount it here.

I

We lack jurisdiction to review Fuentes's claim that he is eligible for special rule cancellation of removal under NACARA. "IIRIRA expressly precludes federal courts from reviewing the agency's factual determination that an immigrant is ineligible for . . . special rule cancellation of removal under NACARA § 203." *Ixcot v. Holder*, 646 F.3d 1202, 1213-14 (9th Cir. 2011). The question of whether Fuentes entered the United States before or after September 19, 1990, and is thus eligible for NACARA relief, is purely a question of fact. Therefore, we lack jurisdiction to review it.

We also lack jurisdiction to review Fuentes's claim that he is eligible for cancellation of removal for non-permanent residents. We do not have jurisdiction to review the merits of a discretionary decision denying cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *see also Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th

2

Cir. 2012). Here, the BIA affirmed the IJ's decision denying cancellation of removal based on statutory ineligibility and in the exercise of discretion.

II

Substantial evidence supports the BIA's denial of Fuentes's requests for asylum, withholding of removal, and CAT protection. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (stating standard). To qualify for asylum and withholding of removal, a petitioner must show past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(1); 8 C.F.R. § 1208.16(b)(1). Substantial evidence supports the BIA's conclusion that Fuentes did not allege threats rising to the level of persecution because the threats were rare, indirect, and nonphysical. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (threats standing alone rarely constitute past persecution). The record also does not compel the conclusion that Fuentes is "more likely than not" to be tortured if he returns to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). Therefore, we deny the petition for review.

**PETITION DISMISSED IN PART and DENIED IN PART.**